IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DELLA DIAL, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:07-0412-KD-C |
| | ) |
| HEALTHSPRING OF ALABAMA, INC., | ) |
| and MARCUS TROTTER, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the court on plaintiffs' motion for interlocutory order (doc. 28), defendants' motion for joinder in plaintiffs' motion for interlocutory order (doc. 30), plaintiffs' supplemental motion for remand, or in the alternative, supplemental motion to request interlocutory appeal (doc. 32), and defendants' opposition to plaintiffs' supplemental motion for remand and joinder in plaintiffs' supplemental motion to request interlocutory appeal (doc. 33). Upon consideration, and for the reasons set forth herein, plaintiffs' motion for interlocutory order and supplemental motion (docs. 28, 32), and defendants' motion for joinder and supplemental motion (doc. 30, 33) are **GRANTED.** Because this court has certified for interlocutory appeal its order denying plaintiffs' motion for remand, plaintiffs' supplemental motion for remand (doc. 32) is **DENIED**.

On June 7, 2007, defendants' removed this case and plaintiffs timely filed their motion to remand. On August 9, 2007, this court entered an order denying plaintiffs' motion to remand. (Doc. 20).[1] The court found that at least some of plaintiffs' state law claims, "those for fraud based on

---

[1] Plaintiffs moved this court for reconsideration of its order and the motion was denied. (docs. 22, 24, 27).

misrepresentations regarding marketing, enrollment, filing of claims, benefits, and coverage under the plan, unjust enrichment and breach of contract to the extent these claims result from a failure to pay benefits as promised" were completely preempted pursuant to Section 1395w-26(b)(3) of the Medicare Act, 42 U.S.C. § 1395w-21 through 28, as amended by the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 (MMA). (Doc. 20, p. 18-19). Therefore, this court had subject matter jurisdiction as to those claims and pendant jurisdiction as to claims not preempted.

Plaintiffs now move the court to certify interlocutory appeal from the order denying remand. Plaintiffs assert that there are important jurisdictional and preemption issues and allowing appeal as to these issues would serve the interest of the parties and the interest of judicial economy. Defendants join in the motion and explain that there exists a split among the district courts in the Eleventh Circuit on the legal issue of whether Section 1395w-26(b)(3) is a complete preemption statute[2] and that this is a legal issue of first impression which has not been ruled upon by any federal appeals court.

"An order denying a motion to remand, 'standing alone,' is '[o]bviously ... not final and [immediately] appealable' as of right ." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 74, 117 S.Ct. 467, 475 (1996) (quoting (Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 578, 74 S.Ct. 290, 293 (1954)) (parentheticals and ellipsis in original). Section 1292 of Title 28 of the United States Code,

---

[2] The parties point out that at least two other district courts have ruled differently from this court in substantially similar cases and entered orders granting remand upon a finding that plaintiffs' claims were not subject to complete preemption under the MMA. (Doc. 32, Exhibit A, Bolden, et al., v. Healthspring of Alabama, Inc., et al., Civil Action 07-413-CG-B and Acoff, et al., v. Healthspring of Alabama, Inc., et al., Civil Action 07-414-CG-M (S.D. Ala., 2007); Exhibit B, Harris v. Pacificare Life & Health Ins. Co., et al., Civil Action 2:06-956-ID (M.D. Ala., 2007)).

governs interlocutory appeals and sets forth as follows:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292.

Although addressing an interlocutory appeal from a summary judgment order, the Eleventh Circuit in McFarlin v. Conseco Services, LLC, 381 F. 3d 1251 (11th Cir. 2004) explained the requirements of Section 1292. First, there must be a "controlling question of law", which is defined as a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." Id. at 1258. To resolve the issue of complete preemption presented herein requires an interpretation of the meaning of a statute; specifically, Section 1395w-26(b)(3) of the MMA. Therefore, the first requirement is met.

Second, there must be "substantial ground for difference of opinion". Id. The McFarlin court explained that if the Court of Appeals is in "complete and unequivocal agreement with the district court" on the issue, then it is not one which provides "a substantial ground for difference of opinion." Id. In this circumstance, the Eleventh Circuit has not addressed the issue thus it cannot be in "unequivocal agreement" with the district court. Therefore, the second requirement is met.

Third, the appeal should "materially advance the termination of the litigation". Id. The Court in McFarlin explained that this occurs if resolution of the controlling legal question "serves to avoid a trial or otherwise substantially shorten the litigation." Id. at 1259. In that regard, trial may

not be avoided in that either the state court or the federal will ultimately address the underlying issues once the controlling legal question is answered.  However, resolution may shorten litigation in that parties would have guidance as to whether removal or remand, as the case may be, is a viable legal strategy.

>The McFarlin Court further summarized that
>
> . . . [Section] 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.  See, e. g., Allapattah Servs., Inc. v. Exxon Corp., 333 F.3d 1248, 1252-53 (11th Cir.2003) (granting § 1292(b) review of whether district court has jurisdiction over class members who do not satisfy the amount in controversy requirement, and whether following a jury verdict in favor of the class the district court should have awarded aggregate damages to the class); Tucker v. Fearn, 333 F.3d 1216, 1218 (11th Cir.2003) (granting § 1292(b) review of whether a nondependent parent may recover loss of society damages for the wrongful death of his minor child under general maritime law); Love v. Delta Air Lines, 310 F.3d 1347, 1351 (11th Cir.2002) (granting § 1292(b) review of whether the Air Carrier Access Act of 1986 implies a private right of action, and if so what remedies are available to private litigants). The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.  In determining whether to grant review, we should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed.  The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law.  And the answer to that question must substantially reduce the amount of litigation left in the case.

McFarlin, 381 F.3d at 1259.

A determination of the preemptive effect of the Section would not require the court to look at the state law claims actually plead in the underlying complaints, i.e., delve into the facts but instead would require interpretation of the statute. See Love, 310 F. 3d at 1351 (finding that the "issue of whether a statute creates by implication a private right of action is a 'question of statutory construction.'").  The order denying the motion to remand from which the parties seek interlocutory

appeal did not address the merits or develop the facts of plaintiffs' underlying claims. Instead the decision to deny remand was based upon an application of the preemptive effect of Section 1395w-26(b)(3) of the MMA. Also, resolution of this unsettled question of complete preemption would have general relevance to other cases in the same area of law. Moreover, a determination as to whether the Section completely preempts state law claims directly implicates the correctness of the legal premise applied by this court, in that this court has held that there is complete preemption of certain state law claims and denied remand. Although, answering the certified question may not "substantially reduce the amount of litigation left in the case", McFarlin, 381 F. 3d at 1259, it would guide the parties to litigate in the court with appropriate jurisdiction.

Upon consideration of the foregoing, the court finds that the issue of whether Section 1395w-26(b)(3) of the Medicare Act, 42 U.S.C. § 1395w-21 through 28, as amended by the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, is a complete preemption statute "involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation." Id. Accordingly, this issue is certified to the Eleventh Circuit for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Additionally, if plaintiffs make application to the Court of Appeals for the Eleventh Circuit within ten (10) days, as required by 28 U.S.C. § 1292(b), all proceedings in this court shall be stayed pending the Circuit Court's decision as to whether an interlocutory appeal shall be allowed and, if so, pending a final determination on appeal.

**DONE** this the 15th day of October, 2007.

 s/Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**